IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J.S. HAREN COMPANY,<br>A Tennessee corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| SMITH & LOVELESS, INC.,<br>a Kansas corporation, | )<br>)<br>) Case No.: 2:19-cv-02696-JTM-KGG |
| Defendant, | )<br>) |
| vs. | )<br>) |
| MERCHANTS NATIONAL BONDING,<br>INC., an Iowa insurance company, | )<br>)<br>) |
| Counterclaim Defendant. | )<br>) |

**REPLY TO COUNTERCLAIM OF COUNTERCLAIM DEFENDANT,
MERCHANTS NATIONAL BONDING, INC., AN IOWA INSURANCE COMPANY**

Comes now the separate Counterclaim Defendant, Merchants National Bonding, Inc., an Iowa insurance company ("Merchants"), by and through its attorneys, and for its Reply to the Counterclaim filed against it herein by the Counterclaimant, Smith & Loveless, Inc., alleges and states:

**PARTIES AND JURISDICTION**

1. Merchants admits the allegations stated in paragraph no. 1 of the Counterclaim.

2. Merchants admits the allegations stated in paragraph no. 2 of the Counterclaim.

1

3. Merchants denies that it is an insurance company, as alleged in paragraph no. 3 of the Counterclaim, and states affirmatively that it is a surety only. Merchants admits the remaining allegations stated in paragraph no. 3 of the Counterclaim.

4. Merchants admits the allegations stated in paragraph no. 4 of the Counterclaim.

5. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 5 of the Counterclaim, and therefore denies the same.

## COUNT I

### (Breach of Contract)

6. Merchants restates, realleges and incorporates herein by reference all responses, statements and allegations of paragraphs 1-5, herein.

7. Merchants admits the allegations stated in paragraph no. 7 of the Counterclaim.

8. Merchants admits the allegations stated in paragraph no. 8 of the Counterclaim.

9. Merchants admits the allegations stated in paragraph no. 9 of the Counterclaim.

10. Merchants admits that the language from the Sales Agreement quoted in paragraph no. 10 of the Counterclaim appears in the Sales Agreement. Merchants states affirmatively that the Sales Agreement speaks for itself.

11. There is no paragraph no. 11 of the Counterclaim to which a reply is needed.

12. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 12 of the Counterclaim, and therefore denies the same.

13. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 13 of the Counterclaim, and therefore denies the same.

14. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 14 of the Counterclaim, and therefore denies the same.

15. Merchants denies, generally and specifically, the allegations stated in paragraph no. 15 of the Counterclaim.

16. Merchants denies, generally and specifically, the allegations stated in paragraph no. 16 of the Counterclaim.

## COUNT II

### (Quantum Meruit/Unjust Enrichment)

17. Merchants restates, realleges, and incorporates herein by reference all responses, statements and allegations of paragraphs 1-16, herein.

18. Merchants admits the allegations stated in paragraph no. 18 of the Counterclaim.

19. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 19 of the Counterclaim, and therefore denies the same.

20. Merchants admits that J. S. Haren Company has made payments for the Pumping Station. Merchants denies, generally and specifically, the remaining allegations stated in paragraph no. 20 of the Counterclaim.

21. Merchants denies, generally and specifically, the allegations stated in paragraph no. 21 of the Counterclaim.

22. Merchants denies, generally and specifically, the allegations stated in paragraph no. 22 of the Counterclaim.

## COUNT III

### (Action on Labor and Material Payment Bond)

23. Merchants restates, realleges, and incorporates herein by reference all responses, statements and allegations of paragraphs 1-22, herein.

24. Merchants admits the allegations stated in paragraph no. 24 of the Counterclaim.

25. Merchants affirmatively states that the Payment Bond speaks for itself. Merchants does not have sufficient knowledge to either admit or deny the allegations stated in paragraph no. 25 of the Counterclaim, and therefore denies the same.

26. Merchants admits that it received a written notice from S&L. Merchants does not have sufficient knowledge to either admit or deny the remaining allegations stated in paragraph no. 26 of the Counterclaim, and therefore denies the same.

27. Merchants admits that it has not paid S&L any sums after receiving the described written notice from S&L, and states affirmatively that nothing is due S&L from Merchants or J. S. Haren Company. Merchants denies, generally and specifically, all allegations stated in paragraph no. 27 of the Counterclaim that are not specifically admitted herein.

28. Merchants reserves the right to amend its Reply as additional facts are revealed during discovery.

## AFFIRMATIVE DEFENSES

29. Merchants affirmatively pleads that S&L breached the Sales Agreement by providing goods that did not work properly or conform to specifications, and S&L has been unable or unwilling to repair or replace the goods.

30. Merchants affirmatively pleads that S&L's breach has created damages to J. S. Haren Company, and that J. S. Haren Company is entitled to setoff, to the extent that there is no money owed from J. S. Haren Company or Merchants to S&L.

31. Merchants affirmatively pleads accord and satisfaction.

32. Merchants affirmatively pleads estoppel.

33. Merchants affirmatively pleads failure of consideration.

34. Merchants affirmatively pleads want of consideration.

35. Counterclaimant S&L fails to state a cause of action for which relief may be granted.

36. Counterclaimant S&L's claims are barred, in whole or in part, due to S&L's failure to mitigate its damages.

37. Counterclaimant S&L's claims are barred, in whole or in part, to the extent S&L failed to comply with the industry standards.

38. Counterclaimant S&L's claims are barred by the applicable statute of limitations.

39. Counterclaimant S&L's claims are barred for failure to give proper notice to Merchants.

40. Counterclaimant S&L's claims are barred for failure to comply with conditions precedent.

41. Merchants reserves the right to amend its Reply to Defendant/Counterclaim Plaintiff Smith & Loveless, Inc.'s Counterclaim and plead such affirmative defenses as are warranted by further investigation and discovery as this matter progresses.

**WHEREFORE,** the Counterclaim Defendant, Merchants National Bonding, Inc., prays that the Counterclaim be denied and dismissed with prejudice, that the Counterclaimant take nothing thereby, that it recover its costs and attorneys' fees incurred herein, and that it have all other relief to which it is entitled.

Respectfully submitted,

**LONG & ROBINSON, LLC**

By: */s/ Colin M. Quinn*
_____
Colin M. Quinn     KS#25955
Burke D. Robinson KS#21147
1800 Baltimore Avenue, Ste. 500
Kansas City, MO 64108
Phone: 816.541.2100
Fax: 816.541.2111
CQuinn@longrobinson.com
BRobinson@longrobinson.com
**ATTORNEYS FOR COUNTERCLAIM DEFENDANT MERCHANT NATIONAL BONDING, INC.**

*And*

**JAMES D. LAWSON, P.C.**

By: */s/James D. Lawson*
_____
James D. Lawson TN#024211
10094 Ridgewood Oak Drive
Lakeland, TN 38002
Phone: 901.201.9668
jimmy@hamlindispute.com
**ATTORNEY FOR COUNTERCLAIM DEFENDANT MERCHANT NATIONAL BONDING, INC.**

6

**CERTIFICATE OF SERVICE**

      I, Colin Quinn, hereby certify that on the 26th day of December, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send e-mail notification of such filing to all attorneys of record.

                                      */s/ Colin Quinn*
                                      Colin Quinn, Esq.